IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROXENSE, LLC<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.<br><br>Defendant. | Civil Action No. 19-3870<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Proxense, LLC, (hereafter "Proxense" or "Plaintiff")) through its attorney, Richard T. McCaulley, Jr., McCaulley Dowell, LP, brings this action for patent infringement against Nordstrom, Inc. (hereafter "Nordstrom" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271. Plaintiff Proxense seeks to recover damages for Defendant Nordstrom's infringement of Plaintiff's patent rights related to beacons used in retail stores for customer specific advertising, navigation, notification and interaction. More specifically, Proxense seeks damages for Nordstrom's ongoing infringement of the following validly issued patent: U.S. Patent No. 8,340,672 ("the '672 patent" or the "Patent in Suit") entitled "WIRELESS NETWORK SYNCHRONIZATION OF CELLS AND CLIENT DEVICES ON A NETWORK." A copy of the '672 Patent is attached hereto as Exhibit A.

1

## THE PARTIES

2. Plaintiff Proxense, LLC is a Delaware company with its principal place of business at 689 NW Stonepine Drive, Bend, Oregon 97703.

3. Proxense was founded in 2001 as a limited venture with a focus on designing core technology. The company was formally incorporated in 2005 as an LLC. Since that time Proxense developed sophisticated, proprietary, proximity-based detection, authentication, and automation technology, built on the concept of utilizing small electronic sensors (RDCs) capable of wirelessly detecting, authenticating, and communicating with personal digital devices (PDKs). From 2005-2012, Proxense developed core technology and commercial products, employing over thirty engineers and investing many millions of dollars in product development and other research and development efforts. One of the technology's foundational capabilities was to enable PDKs to run for as long as two years on tiny batteries. Significant financial and engineering resources were deployed to make this possible. The resulting developments became primary differentiators of Proxense's product line, and significant elements on which its business was built.

4. Simultaneous to the core technology development, Proxense also designed and implemented various services/applications utilizing the technology's superb power efficiencies, and advanced wireless detection, authentication and secure communications functionalities. One such application was a wireless system designed to enhance and grow *user / location* interaction, via secure, automated, advertising services, in retail, medical, and other such environments. Throughout this process, the company actively prosecuted patents on both its advanced technology, and related services/applications. One such patent is the 672 patent.

5. Proxense also holds over 55 patents on related technology, including digital content distribution, digital rights management, personal authentication, biometric data management and mobile payments. Proxense continues to prosecute new patents on its proprietary technology, including United States Patent Application Nos. 14/675,433 and its recently allowed Application No. 14/992,916.

6. On information and belief, Defendant Nordstrom, Inc. is a company organized under the laws of Washington, with its headquarters at 1617 6th Ave., Seattle, WA, 98101. On information and belief, Nordstrom conducts business in interstate commerce in Illinois and has and continues to infringe one or more claims of Plaintiff Proxense's '672 patent at locations in the Northern District of Illinois.

## JURISDICTION AND VENUE

7. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

8. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Illinois and the Northern District of Illinois; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Illinois; and (4) Defendant regularly conducts business within the State of Illinois and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Illinois and in this District.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1400(b). Defendant has an established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. Nordstrom has a regular and established place of business in this district, including a store at 55 E. Grand Avenue, Chicago, Illinois.

## '672 PATENT-IN-SUIT

10. The '672 patent discloses important aspects of the Proxense BLE beacon technology, which is directed to, among other environments and applications, the use of a reader decoder circuit ("RDC"), or multiple RDCs, to interact with a personal digital key ("PDK") carried by a user of the system. A PDK "is a portable wireless device that may be conveniently carried by an individual to facilitate wireless tracking and/or allow the individual to wirelessly access various applications, assets, and/or services." The user's PDK may be any wireless device that may be worn or carried by a user, including a cellular phone. See '672 patent; col. 4, lns. 5-23.

11. The RDC emits a wireless signal, or "beacon," that is used to identify and initiate contact with PDKs that come into the wireless coverage boundary of the RDC. "When an individual carrying the PDK 14 comes into proximity of the RDC 12 by entering a coverage area of the RDC 12, a wireless communications session is initiated between the PDK 14 and the RDC 12." Id. at col. 4, ln. 65-col.5, ln. 2. An example of a user's PDK entering the coverage area of a single RDC 12 and establishing a wireless link with the RDC is shown in Figure 1 of the '672 patent, and is reproduced below.

4

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL



12. The Proxense patented technology may also be used to with multiple RDC beacon units providing overlapping coverage areas to track individual user PDKs, as shown below in Figure 3 of the '672 patent.



13. In the retail environment, the Proxense patented technology enables in-store beacons to identify and track customers in the store by communicating with an application on the customer's cellular phone, and also provide information to the customer such as a store map, coupons and store-specific promotions.

5

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

**NORDSTROM'S INFRINGEMENT OF THE PROXENSE '672 PATENT**

14. On information and belief, Nordstrom is utilizing beacon systems in its retail stores that infringe claims of the '672 patent. Based on industry reports, Nordstrom has deployed beacons in its Nordstrom and Nordstrom Rack retail stores that, as shown in the Nordstrom application reproduced below, provides options to in-store shoppers and provides shopping suggestions based on the individual user's personal interests. See for example the information at https://www.electran.org/publication/transactiontrends/nordstrom-redefines-the-in-store-experience/.



15. On information and belief, Nordstrom utilizes beacon technology that notifies customers who have an item in his or her online shopping cart when a nearby retail store has the item in stock, prompting the customer to purchase the product in the nearby store rather than

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

online. See for example the information at https://alistemarketing.com/blog/beacon-technology-proximity-marketing/

16. The '672 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 25, 2012. The '672 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

17. Plaintiff Proxense is the owner by assignment of the '672 Patent and possesses all rights of recovery under the '672 Patent, including the exclusive right enforce the '672 Patent and pursue lawsuits against infringers.

18. On information and belief, Defendant Nordstrom has infringed and continues to infringe at least claim 17 of the '672 Patent-directly, contributorily, and/or by inducement-by importing, making, using, offering for sale, or selling beacon technology, systems and/or associated devices that embody the patented invention in violation of 35 U.S.C. § 271.

20. On information and belief, the infringement of the '672 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Proxense's rights in the '672 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, after a reasonable opportunity for discovery, Proxense believes that the evidence will show that Defendant had knowledge of the '672 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses or will establish the Nordstrom acted in reckless disregard for Proxense's patent rights.

21. Defendant's acts of infringement of the '672 Patent have caused damage to Proxense, and Proxense is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Proxense's exclusive rights under the '672 Patent will continue to

damage Proxense causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

## REQUEST FOR RELIEF

22. Plaintiff Proxense incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '672 Patent;

(b) enter a judgment awarding Proxense all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '672 Patent;

(d) enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(e) award Proxense all other relief that the Court may deem just and proper.

Dated: June 7, 2019          Respectfully submitted,

/s/ Richard T. McCaulley, Jr.
Richard T. McCaulley, Jr.
MCCAULLEY DOWELL LLC
550 W. WASHINGTON BLVD SUITE 201
CHICAGO, IL 60661
312-858-1105

RMCCAULLEY@MCCAULLEYDOWELL.COM

*Attorney for Plaintiff Proxense LLC*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL